**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBERT WESTPHAL**, both in his individual capacity and, in addition, as a collective action on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>**ED'S MUFFLERS UNLIMITED, INC.**, an Oregon corporation,<br><br>Defendant. | Case No.<br><br>VERIFIED INDIVIDUAL AND COLLECTIVE AND CLASS ALLEGATION COMPLAINT<br><br>(FEDERAL WAGE AND FRAUDULENT INFORMATION RETURN CLAIMS)<br><br>Demand for Jury Trial |

**COMPLAINT—INDIVIDUAL AND COLLECTIVE AND CLASS ACTION**

Robert Westphal (hereinafter "plaintiff"), suing both in his capacity as an individual and, in addition, in a collective and class action capacity on behalf of others similarly situated, complains as follows against Ed's Mufflers Unlimited, Inc. ("ED'S").

**PRELIMINARY STATEMENT**

1.

This is an individual and collective and class action under federal laws for certain present and former employees of ED'S to recover unpaid minimum wages, overtime

**Verified Individual and Collective and Class Allegation Complaint**     Page 1

wages, liquidated damages, and statutory penalties. Plaintiff requested the production of his and the Collective and Class's time and pay records from ED'S before this litigation, but ED'S refused to produce them. All allegations herein are therefore made to the best of plaintiff's and his counsel's good-faith knowledge, information and belief, based upon the evidence available to them prior to litigation, before the parties have had the chance to conduct full discovery, and plaintiff reserves the right to amend his allegations following completion of discovery.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce), 28 U.S.C. § 1340 (Actions arising under acts of Congress providing for internal revenue), and/or 28 U.S.C. § 1357 (Actions by persons to recover damages for injuries under Acts of Congress for revenues).

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(1) and (2) because ED'S resides and transacts business in this district, plaintiff and the class and collective members were employed by ED'S in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

4.

At all material times, plaintiff was a resident and citizen of the State of Oregon. At all material times, plaintiff and the Class and Collective members were employees of ED'S.

5.

Defendant ED'S is an Oregon corporation that at all material times was registered with the Oregon Secretary of State as doing business in Oregon.

**FACTS**

6.

ED'S withheld money from plaintiff's and the other employees' paychecks for taxes, but did not promptly pay those amounts to the government. ED'S nevertheless falsely, willfully and fraudulently reported on those employees' information returns that the monies had been paid over to the government.

7.

ED'S required plaintiff and the other employees to list an unpaid lunch on their time sheets when they were unable to take one.

8.

ED'S required plaintiff and the other employees to work off the clock.

9.

ED'S required plaintiff and the other employees to provide uniforms and tools, either through payroll deduction or pre-purchase.

10.

ED'S had wildly inconsistent paydays and pay periods, designed to and resulting in the failure to pay proper minimum wage and overtime to plaintiff and the other employees.

11.

ED'S often failed to pay plaintiff and the other employees anything at all on payday, due to insufficient funds, issuance of unsigned checks, the secretary being out of town,

or various other stated reasons.

12.

ED'S underpaid plaintiff and the other employees for their overtime by using a rate that was less than one and one half times their regular rate.

13.

At all relevant times, plaintiff and the other employees were employed near the applicable Oregon minimum wage. Nonpayments and deductions from pay as enumerated herein reduced their pay for a given workweek below the level of the applicable minimum wage for that workweek and resulted in the failure to pay proper overtime.

## COLLECTIVE ALLEGATIONS

14.

ED'S engaged in acts and practices that violated the Collective members' rights under the FLSA. In addition to bringing this action individually on behalf of himself, therefore, plaintiff also brings this action on behalf of all current and former employees who are similarly situated. Plaintiff alleges that as a result of the nonpayments indicated herein, he and each of the other members of the Collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in ED'S employ, in violation of § 6 of the FLSA (29 U.S.C. § 206). Obviously, for any employee who worked in excess of 40 hours in a given workweek, the same nonpayments will also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiff and the other Collective members are similarly situated in all relevant respects.

## CLASS ALLEGATIONS

15.

Throughout the statutory limitations period(s), ED'S engaged in acts and practices that violated the class members' rights. This action is brought on behalf of all current or former employees for whom ED'S filed a covered information return on or after February 21, 2011.

## NUMEROSITY

16.

On information and belief, the class is so numerous that joinder of all members is impractical, consisting of an estimated 30 or more employees.

## COMMONALITY

17.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

- a. Whether ED'S filed inaccurate information returns for its employees with the IRS with fraudulent intent and/or willfully.
- b. What remedies are available for the alleged violations.

## TYPICALITY

18.

Plaintiff's claims are typical of those of the other class members because:

a. Plaintiff is a member of the class.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for the class claims.

c. All of the class members' claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of Plaintiff and the class members, because their claims are for damages provided to each class member by statute.

e. The injuries that Plaintiff suffered are similar to the injuries that the class members suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f. The prosecution of separate actions by the class members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications.

## ADEQUACY OF REPRESENTATION BY PLAINTIFF

19.

Plaintiff will fairly and adequately protect the interests of the class because:

a. There is no conflict between Plaintiff's claims and those of the other class members.

b. Plaintiff has retained counsel experienced in handling collective and class actions involving wage and hour law, who will vigorously prosecute this litigation.

c. Plaintiff's claims are typical of the claims of class members in that their claims stem from the same practice and course of conduct that forms the basis of the class claims.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Claim)

20.

All previous paragraphs are incorporated by reference herein.

21.

Pursuant to 29 U.S.C. § 206, ED'S was required to pay plaintiff and the collective members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so.

22.

Plaintiff and collective members are entitled to collect the difference between their wages received when due and the federal minimum wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

(FLSA Overtime Claim)

23.

All previous paragraphs are incorporated by reference herein.

24.

Pursuant to 29 U.S.C. § 207, ED'S was required to pay Plaintiff and the collective members at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

25.

Plaintiff and the collective members are entitled to collect the difference between their wages received when due and the overtime wages due, in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and nontaxable expenses, pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF

(Fraudulent Information Returns)

26.

All previous paragraphs are incorporated by reference herein.

27.

Pursuant to 26 U.S.C. § 7434, ED'S willful filing of fraudulent information returns with respect to plaintiff and the class members entitles plaintiff and each class member to the greater of $5,000 or the sum of their actual damages incurred as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), the costs of the action, and in the court's discretion, reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that the Court award such damages as set forth above and in amounts to be proven at trial; award attorney fees, costs and expenses; and order such further or alternative relief as the Court deems appropriate.

DATED this 22nd day of February, 2017

> JON M. EGAN, P.C.
>
> *s/ Jon M. Egan*
>
> JON M. EGAN, OSB # 002467
> Attorney for Plaintiff

I hereby give my written consent to participate in and join this lawsuit as a named plaintiff, as a representative of absent employees, and as an FLSA collective member.

*s/ Robert Westphal*

Robert Westphal